**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ROBERTO CARLOS CALDERON and SAMANTA CARTER, on behalf of themselves, individually, and on behalf of all others similarly-situated,<br><br>     Plaintiffs,<br><br>  -against-<br><br>UNIQUE ON THE GO CORP. d/b/a UNIQUE ON THE GO,<br><br>     Defendant. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

ROBERTO CARLOS CALDERON ("Calderon"), and SAMANTA CARTER ("Carter"), (together, where appropriate, as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through their attorneys, THE LAW OFFICE OF KATHERINE SKUBECZ, and BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against UNIQUE ON THE GO CORP. d/b/a UNIQUE ON THE GO ("Defendant"), allege upon knowledge as to themselves and their own actions, and upon information and belief as to all other matters, as follows:

**NATURE OF CASE**

1. This is a civil action for damages and other redress based upon willful violations that Defendant committed of Plaintiffs' rights collectively guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay their employees

an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds ten in a workday, NYLL § 652, 12 NYCRR § 142-2.4; (iv) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (v) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); (vi) the overtime provisions of the Rhode Island Payment of Wages Act ("RIPWA"), R.I. Gen. Laws § 28-14-1 *et seq.*, and the Rhode Island Minimum Wage Act ("RIMWA"), R.I. Gen. Laws § 28-12-1 *et seq.*; (vii) the Sunday pay provisions of the Rhode Island Work on Holidays and Sundays Law ("Sunday Pay Act"), R.I. Gen. Laws § 25-3-3; and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2.      Defendant is a Massachusetts corporation that provides labor staffing, fleet services, and logistics solutions throughout the United States.  Plaintiff Calderon worked for Defendant as a vehicle detailer in Jamaica, New York, from in or around March 2022 until December 5, 2025.  Plaintiff Carter worked for Defendant as a car rental agent in Warwick, Rhode Island, from in or around August 2023 until in or around November 2023, and in supervisory roles thereafter until March 19, 2026.

3.      As described below, from the beginning of Calderon's employment until in or around February 2025, and from the beginning of Carter's employment until in or around November 2023, Defendant required Plaintiffs to work, and Plaintiffs did work, in non-managerial roles and in excess of forty hours each workweek, or virtually each week.  Yet in exchange, Defendant paid Plaintiffs on an hourly basis at their regular rate for each hour that they worked. Thus, Defendant did not pay Plaintiffs at the overtime rate of one and one-half times their

respective regular rates for the hours that they worked over forty in a week, in violation of the FLSA's, the NYLL's, the RIPWA's, and the RIMWA's overtime provisions.

4.  Moreover, throughout Plaintiff Calderon's employment, for those days when Calderon's shift exceeded ten hours from beginning to end, Defendant did not compensate Calderon with an additional one hour's pay at the minimum wage rate, in violation of the spread of hours provisions of the NYLL and the NYCRR.

5.  Furthermore, Defendant violated the NYLL by failing to furnish Plaintiff Calderon with any wage notice at the time of his hire or with an accurate wage statement on each payday.

6.  Finally, Defendant violated Rhode Island's Sunday Pay Act by requiring Plaintiff Carter to work on Sundays, yet Defendant paid Carter on an hourly basis at her regular rate for each hour that she worked on Sundays.  Thus, Defendant did not pay Carter at the Sunday premium rate of one and one-half times her regular rate for the hours that she worked on Sunday each week, in violation of the Sunday Pay Act.

7.  Defendant has paid and treated all of its hourly-paid non-managerial employees, at least in New York and Rhode Island, in the same manner.

8.  Accordingly, Plaintiffs bring this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiffs Calderon and Carter also bring their claims under New York and Rhode Island law, respectively, on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who worked in New York or Rhode Island and opts-in to this action.

9.    Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL, RIPWA, RIMWA, and/or Sunday Pay Act limitations period who suffered damages as a result of Defendant's violations of the those statutes and their supporting regulations.

## JURISDICTION AND VENUE

10.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under state law.

11.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as Defendant resides in this District in that it is a Massachusetts corporation with its principal place of business in Massachusetts, and is thus subject to the Court's general personal jurisdiction over it.

## PARTIES

12.    At all relevant times herein, Plaintiff Calderon worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

13.    At all relevant times herein, Plaintiff Carter worked for Defendant in Rhode Island and was an "employee" entitled to protection as defined by the FLSA, the RIPWA, the RIMWA, and the Sunday Pay Act.

14.    At all relevant times herein, Defendant was and is a Massachusetts corporation with its principal place of business and address for service of process located at 617 Summer Street, Lynn, Massachusetts 01905.

15.    At all relevant times herein, Defendant was and is an "employer" within the meaning of the FLSA, the NYLL, the NYCRR, the RIPWA, the RIMWA, and the Sunday Pay

4

Act.  Additionally, at all times relevant to the FLSA, Defendant's qualifying annual business exceeded and exceeds $500,000.00, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and provides services throughout the country, including in, at least, New York, Rhode Island, and Massachusetts.  The combination of these factors subjects Defendant to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16.     Plaintiffs seek to bring this suit to recover from Defendant unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former hourly-paid non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendant as an auto-detailer, driver, cleaner, agent, or in a similar position, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

17.     At all relevant times herein, Defendant treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18.     At all relevant times herein, Defendant was and is aware of the requirement to pay its hourly-paid employees, including Plaintiffs and all FLSA Plaintiffs, at the rate of one and one-

half times their respective regular rates of pay for all hours worked each week over forty, yet it purposefully and willfully chose and continues to choose not to do so.  Indeed, Plaintiff Carter lodged multiple complaints with Defendant's Head of Administration, Thatiane Araujo, that Defendant was not paying her overtime in accordance with the law, yet Defendant continued to not pay Carter, or anyone else, overtime compensation for all hours worked over forty in a week. Furthermore, Defendant intentionally failed to post Miscellaneous Industry Minimum Wage Poster LS207 as the law requires to keep its workers from learning about the wages they are entitled to receive under the law.  Moreover, Defendant's knowledge of the FLSA's requirements to pay its hourly employees at the rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a week is evidenced by Defendant previously entering into settlement agreement dated September 19, 2025, with the District of Columbia Office of the Attorney General, pursuant to which Defendant agreed to pay more than $166,000 to resolve wage and hour claims.  Nevertheless, Defendant has continued to violate the FLSA, as detailed herein.

19.    Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully refusing to pay its employees proper overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

### RULE 23 CLASS ALLEGATIONS

20.    In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, individually, as well as on behalf of all those who are similarly-situated whom Defendant has subjected to violations of the NYLL, the NYCRR, the RIPWA, the RIMWA, and/or the Sunday Pay Act, during the applicable statutory period.

21.    Under FRCP 23(b)(3), a plaintiff must plead that:

    a.  The class is so numerous that joinder is impracticable;

b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

22.     Plaintiff seeks certification of the following FRCP 23 classes:

(a) Current and former hourly-paid non-managerial employees, such as auto-detailers, drivers, cleaners, agents, or those who worked in a similar position, who during the applicable NYLL limitations period, performed any work for Defendant in New York ("NY Rule 23 Plaintiffs"); and

(b) Current and former hourly-paid non-managerial employees, such as auto-detailers, drivers, cleaners, agents, or those who worked in a similar position, who during the applicable RIPWA, RIMWA, and/or Sunday Pay Act limitations period, performed any work for Defendant in Rhode Island ("RI Rule 23 Plaintiffs," and together, with NY Rule 23 Plaintiffs, where appropriate, as "Rule 23 Plaintiffs").

### Numerosity

23.     During all times applicable to the NYLL, the RIPWA, the RIMWA, and the Sunday Pay Act, Defendant has employed, in total, at least forty employees that are putative members of each subclass.

### Common Questions of Law and/or Fact

24.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 subclasses, including, but not limited to, the following: (1) the duties that Defendant required and requires each Rule 23 Plaintiff to perform; (2) whether Defendant

required and requires each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether Defendant has properly compensated the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendant has properly compensated the NY Rule 23 Plaintiffs with an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeds ten in a workday; (5) whether Defendant furnished and furnishes the NY Rule 23 Plaintiffs with an accurate wage notice upon hire that contains the information that NYLL § 195(1) requires; (6) whether Defendant furnished and furnishes the NY Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information that NYLL § 195(3) requires; (7) whether Defendant has kept and maintained records with respect to each hour that the Rule 23 Plaintiffs have worked; (8) whether Defendant has kept and maintained records with respect to the compensation that it has paid to the Rule 23 Plaintiffs; (9) whether Defendant has properly compensated the RI Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked on Sunday; (10) whether Defendant maintains any defenses, affirmative or otherwise, with respect to the Rule 23 Plaintiffs' claims; (11) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL, the RIPWA, the RIMWA, and/or the Sunday Pay Act and their supporting regulations; and (12) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

25.    As described in the "Background Facts" section below, Defendant employed Plaintiffs and Rule 23 Plaintiffs as hourly-paid non-managerial employees.  Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as Plaintiffs and the Rule 23 Plaintiffs work and/or have worked for Defendant, in New York and/or Rhode Island, yet

8

Defendant has failed to: compensate them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked in excess of forty in a week; and/or for NY Rule 23 Plaintiffs, compensate them with an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeds ten in a workday, and provide them with an accurate wage notice upon hire or with an accurate wage statement on each payday; and/or for the RI Rule 23 Plaintiffs, compensate them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked on Sunday.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same rights under the NYLL, the RIPWA, and/or the RIMWA to be paid at the rate of one and one-half times their respective regular rates for all hours worked per week in excess of forty, under the NYLL and the NYCRR to be paid an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeds ten in a workday, and to be furnished with an accurate wage notice upon hire and with an accurate wage statement on each payday, and under the Sunday Pay Act to be paid at the rate of one and one-half times their respective regular rates for all hours worked on Sunday.  Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL, the RIPWA, the RIMWA, and/or the Sunday Pay Act and their supporting regulations.  Plaintiffs and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendant's common policies, practices, and patterns of conduct.  Thus, Plaintiffs' claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendant's defenses to those claims.

### Adequacy

26.    Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendant.  Defendant did not pay Plaintiffs overtime

9

at the rate of one and one-half times their respective regular rates of pay for all hours worked over forty in a week, which is substantially similar to how Defendant has treated the Rule 23 Plaintiffs. Likewise, with respect to Plaintiff Calderon and the NY Rule 23 Plaintiffs, Defendant did not compensate them with an additional one hour's pay at the minimum wage rate for those days when their spread of hours exceeded ten in a workday, and did not furnish them with an accurate wage notice upon hire or with an accurate wage statement on each payday.  With respect to Plaintiff Carter and the RI Rule 23 Plaintiffs, Defendant did not compensate them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked on Sunday. Plaintiffs are no longer employed with Defendant and thus have no fear of retribution for their testimony.  Plaintiffs fully anticipate testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer that pertain to them.  Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

27.    Additionally, Plaintiffs' counsel has substantial experience in this field of law.

**<u>Superiority</u>**

28.    Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendant treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29.    Any lawsuit brought by an hourly-paid non-managerial employee of Defendant working in New York or Rhode Island for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

30.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

31.     At all relevant times herein, Defendant was and is a Massachusetts corporation that operates a labor staffing, fleet services, and logistics solutions business throughout the United States, including in, at least, New York, Rhode Island, Texas, and Massachusetts.

32.     Plaintiff Calderon worked for Defendant as a vehicle detailer from approximately March 2022 through December 5, 2025, at two neighboring rental car facilities in Queens, New York, where Defendant staffed employees, specifically: Hertz, located at 318 Federal Circle, Jamaica, New York 11430; and SIXT, located at 312 Federal Circle, Jamaica, New York 11430.

33.     In this role, Plaintiff Calderon's primary job duties involved cleaning vehicle interiors and exteriors, moving and parking cars, and changing tires.

34.     Plaintiff Carter worked for Defendant as an agent from approximately August 2023 through November 2023, at Avis Car Rental located at 700 Jefferson Blvd, Warwick, Rhode Island 02886.  She worked for Defendant thereafter in various supervisory positions until March 19, 2026.

35.     In the role of agent, Plaintiff Carter's primary job duties involved customer service, rental processing, vehicle check-in and check-out, and operating the gate to allow vehicles in and out of the rental car parking lot.

36.     From the beginning of Plaintiff Calderon's employment until in or around February 2025, Defendant scheduled Calderon to work, and Calderon did work, seven days per week, generally at the Hertz location from 6:00 a.m. to 2:00 p.m. on Monday, Tuesday, Thursday and Friday, and from 8:00 a.m. to 2:00 p.m. on Wednesday, Saturday, and Sunday, and then at the SIXT location from 2:00 p.m. to 8:00 p.m. on Monday, Wednesday, and Thursday, and from 2:00

p.m. to 10:00 p.m. on Tuesday, Friday, Saturday, and Sunday, with two thirty minute breaks during each of his shifts, for a total of ninety-three hours per week. After in or around February 2025 and continuing until the end of his employment, Calderon worked fewer than forty hours each week.

37.     From the beginning of Plaintiff Carter's employment until in or around November 2023, Defendant scheduled Carter to work, and Carter did work, five days per week, generally from 9:00 p.m. to 5:00 a.m. on Sunday, Tuesday, and Friday, and from 1:00 p.m. to 9:00 p.m. on Monday and Saturday, without a scheduled or uninterrupted break during any of her shifts, for a total of forty scheduled hours per week. In addition to those regularly-scheduled hours, from the beginning of Carter's employment until in or around November 2023, Defendant, each week, routinely required Carter to pick up shifts on one or both of her days off, and to work between one and two double shifts, which were typically from 1:00 p.m. to 5:00 a.m. Thus, from the beginning of Carter's employment until in or around November 2023, Defendant required Carter to work, and Carter did work, in excess of forty hours each week, or virtually each week.

38.     In exchange for their work during the times detailed above, Defendant paid Plaintiffs on an hourly basis at the regular hourly rate of $17.00 for all hours that Plaintiffs worked in a week, including those hours that Plaintiffs worked in a week over forty.

39.     Thus, at no time during their employment when they worked over forty hours in a week did Defendant pay Plaintiffs at the rate of one and one-half times their regular rate of pay, which should have been $25.50.

40.     By way of example only, for the week of May 13 through May 19, 2024, Defendant required Plaintiff Calderon to work, and Calderon did work, the following schedule, with two thirty-minute breaks during each of his shifts:

Monday, May 13, 2024: 6:00 a.m. to 8:00 p.m.;

12

Tuesday, May 14, 2024: 6:00 a.m. to 10:00 p.m.;

Wednesday, May 15, 2024:8:00 a.m. to 8:00 p.m.;

Thursday, May 16, 2024: 6:00 a.m. to 8:00 p.m.;

Friday, May 17, 2024: 6:00 a.m. to 10:00 p.m.;

Saturday, May 18, 2024: 8:00 a.m. to 10:00 p.m.; and

Sunday, May 19, 2024: 8:00 a.m. to 10:00 p.m.

Accordingly, Plaintiff Calderon worked a total of ninety-three hours during this week. In exchange, Defendant paid Calderon $17.00 for all hours that he worked, including the hours that he worked over forty during this week. Thus, Defendant did not pay Calderon an overtime premium at the rate of one and one-half times his regular rate, which should have been an extra $8.50 per hour, for the fifty-three and one-half hours that he worked in excess of forty during that week.

41.     By way of another example only, for the week of October 23 through October 29, 2023, Defendant required Plaintiff Carter to work, and Carter did work, the following schedule:

Monday, October 23, 2023: 1:00 p.m. to 9:00 p.m.;

Tuesday, October 24, 2023: 9:00 p.m. to 5:00 a.m.;

Wednesday, October 25, 2023: off;

Thursday, October 26, 2023: 1:00 p.m. to 9:00 p.m.;

Friday, October 27, 2023: 9:00 p.m. to 5:00 a.m.;

Saturday, October 28, 2023: 1:00 p.m. to 5:00 a.m.; and

Sunday, October 29, 2023: 9:00 p.m. to 5:00 a.m.

Accordingly, Carter worked a total of fifty-six hours during this week. In exchange, Defendant paid Carter $17.00 for all hours that she worked, including the hours that she worked over forty

during this week.  Thus, Defendant did not pay Carter an overtime premium at the rate of one and one-half times her regular rate, which should have been an extra $8.50 per hour, for the sixteen hours that she worked in excess of forty during that week.

42.     Moreover, throughout her time working as an agent, Defendant required Plaintiff Carter to work on Sunday each week, as detailed in the prior paragraph above, yet Defendant paid Carter at her regular hourly rate of $17.00 per hour for those hours, and thus did not pay Plaintiff Carter the statutorily-required Sunday premium at the rate of one and one-half times her regular rate, which should have been $25.50, for all hours worked on Sundays.

43.     Furthermore, throughout Plaintiff Calderon's employment, for those days when his shifts exceeded ten hours from beginning to end, such as during all seven days detailed in the paragraph above, Defendant did not compensate Plaintiff Calderon with an additional one hour of pay at the then-applicable minimum wage rate.

44.     Additionally, Defendant did not provide Plaintiff Calderon with any wage notice at his time of hire, let alone a notice that accurately contained, *inter alia*: his regular and overtime rates of pay; the name of Defendant; any "doing business as" names used by Defendant; the physical address of Defendant's main office or principal place of business, and a mailing address if different; and Defendant's telephone number.  This failure deprived Plaintiff Calderon of the ability to know exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

45.     Defendant paid Plaintiffs on a weekly basis throughout their employment.

46.     On each occasion when Defendant paid Plaintiff Calderon, Defendant failed to provide Plaintiff Calderon with a wage statement that accurately listed, *inter alia*, his overtime rate of pay and overtime wages owed.  This failure deprived Plaintiff Calderon of the ability to know

exactly how much compensation he was entitled to receive and contributed to the underpayment of wages as asserted herein.

47.     Defendant has acted in the manner described herein to maximize its profits while minimizing its labor costs and overhead.

48.     Defendant treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

49.     Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have worked was and is for Defendant's benefit.

**<u>FIRST CLAIM FOR RELIEF AGAINST DEFENDANT</u>**
*<u>Unpaid Overtime Under the FLSA</u>*

50.     Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

52.     As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs were and/or are employees within the meaning of the FLSA.

53.     As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

54.     Defendant willfully violated the FLSA.

55.     Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

56.     Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the NYLL and the NYCRR*

57.     Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

59.     As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, were and/or are employees within the meaning of the NYLL and the NYCRR.

60.     As also described above, Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

61.     Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

62.     Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, are also entitled to liquidated damages,

16

interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
*Violation of the NYLL's and the NYCRR's Spread-of-Hours Requirements*

63.    Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64.    NYLL § 652 and 12 NYCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten.

65.    As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, were and/or are employees within the meaning of the NYLL and the NYCRR.

66.    As also described above, Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, worked days when their spread of hours exceeded ten, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

67.    Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, are entitled to spread-of-hours pay in the amount of one hour's pay at the then-applicable minimum hourly wage rate for any day worked in which their spread of hours exceeded ten.

68.    Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, are also entitled to liquidated damages,

17

interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

69.    Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.    NYLL § 195(1) requires that employers furnish employees with a wage notice that contains accurate, specifically enumerated criteria at the time of hire.

71.    As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, were and/or are employees within the meaning of the NYLL.

72.    As also described above, Defendant, at the time of hire, failed to furnish Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, with any wage notice, let alone a notice that accurately contained all of the criteria that the NYLL requires.

73.    Pursuant to NYLL § 198(1-b), Defendant is liable to Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, in the amount of $50.00 for each workday after each violation initially occurred, up to a statutory cap of $5,000.00 per person.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

74.    Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to

this action who worked for Defendant in New York, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75.   NYLL § 195(3) requires that employers furnish employees with a wage statement that contains accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

76.   As described above, Defendant is an employer within the meaning of the NYLL, while Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, were and/or are employees within the meaning of the NYLL.

77.   As also described above, Defendant, on each payday, failed to furnish Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, with a wage statement that accurately contained the criteria that the NYLL requires.

78.   Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff Calderon, NY Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in New York, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the RIPWA and the RIMWA*

79.   Plaintiff Carter, RI Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Rhode Island, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.    R.I. Gen. Laws § 28-14-19.1 and R.I. Gen. Laws § 28-12-4.1 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

81.    As described above, Defendant is an employer within the meaning of RIPWA and the RIMWA, while Plaintiff Carter, RI Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Rhode Island, were and/or are employees within the meaning of the RIPWA and the RIMWA.

82.    As also described above, Plaintiff Carter, RI Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Rhode Island, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the RIPWA's and the RHIWA's overtime provisions.

83.    Defendant willfully violated the RIPWA and the RIMWA.

84.    Plaintiff Carter, RI Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Rhode Island, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

85.    Plaintiff Carter, RI Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Rhode Island, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the RIPWA's and the RHMWA's overtime provisions.

**SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Unpaid Overtime Under the Sunday Pay Act*

86.    Plaintiff Carter, RI Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Rhode Island, repeat, reiterate, and re-allege each and every

20

allegation set forth above with the same force and effect as if more fully set forth herein.

87. R.I. Gen. Laws § 25-3-3 requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked on Sundays.

88. As described above, Defendant is an employer within the meaning of the Sunday Pay Act, while Plaintiff Carter, RI Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Rhode Island, were and/or are employees within the meaning of the Sunday Pay Act.

89. As also described above, Plaintiff Carter, RI Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Rhode Island, worked on Sundays and were non-exempt employees under the Sunday Pay Act, yet Defendant failed to compensate them in accordance with the provisions of R.I. Gen. Laws § 25-3-3.

90. Plaintiff Carter, RI Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action who worked for Defendant in Rhode Island, are entitled to pay for all hours worked on Sundays at the rate of one and one-half times their respective regular rates of pay.

## DEMAND FOR A JURY TRIAL

91. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States, New York, and Rhode Island laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs, and authorizing the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL, the NYCRR, the RIPWA, the RIMWA, and the Rhode Island Sunday Pay Act, as a class action pursuant to FRCP 23;

f. Designation of Plaintiffs and their counsel as collective/class action representatives under the FLSA and the FRCP;

g. Awarding all damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

h. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA, the NYLL, and the RIPWA.

i.    Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs;

j.    Awarding pre-judgment and post-judgment interest, as provided by law; and

k.    Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated:  Garden City, New York
        April 17, 2026

Respectfully submitted,

THE LAW OFFICE OF KATHERINE SKUBECZ
*Attorneys for Plaintiffs*
1 Broadway, 14th Floor
Cambridge, Massachusetts 02142
Tel. (617) 682-0824
kate@ks2law.com

By:

/s/Katherine Skubecz
_____
KATHERINE SKUBECZ, ESQ.
(BBO #677527)

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiffs*
910 Franklin Avenue, Suite 205 Garden City, New York 11530

By:    _____
MICHAEL J. BORRELLI, ESQ.
(*Pro Hac Vice Admission Forthcoming*)

23